# Cash v. Southern Express Co.

## *Action upon a Contract.*

1. *Action upon a contract; when plaintiff not entitled to recover.*
   Where a contract is made, stipulating that a certain reward would be paid to the party named in said contract if he disclosed the whereabouts of a certain designated outlaw, so as to enable the party offering the reward to effect the outlaw's capture, before the party named in the contract, or his as-

signee, can claim the reward or maintain an action to recover it under the contract, it must be shown ＿at he furnished the information of facts actually in existence, which information in itself was sufficient to lead to, or to enable the promissor to, effect the capture; and the mere furnishing of information, vague and uncertain in character and derived from knowledge of past acts, habits and associations of the outlaw, and which do not directly lead to the capture, does not entitle the party to recover the reward stipulated for in the contract.

2. *Appeals; when error in ruling upon evidence without injury.* Where upon the trial of a case, the evidence adduced was not sufficient to authorize the plaintiff's recovery, error in the admission or exclusion of evidence is without injury to the plaintiff, and will not work a reversal of the judgment rendered in favor of the defendant.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

This was an action brought by the appellant, J. A. Cash, against the Southern Express Company, in which the plaintiff's sought to recover the sum of $2,000 for the breach of a contract alleged to have been made by the defendant through its authorized agent. The contract sued on is set out in the complaint. It appears therefrom that said contract was made with W. A. Young, and in said contract the Southern Express Company obligated itself to pay to said W. A. Young the sum of $2,000 if he "shall disclose the whereabouts of Reuben Burrows (an outlaw) to its properly authorized representative, so as to enable the Southern Express Company to effect his capture, dead or alive." It was further provided in said contract that said Young might assign the obligation to any person or persons whom he might elect.

The plaintiff alleged that said contract had been assigned to him by said W. A. Young, and that he had complied with the conditions upon which the Southern Express Company was to pay the $2,000, in that he had disclosed the whereabouts of said Reuben Burrows to a duly and properly authorized representative of the defendant, so as to enable the defendant to effect the capture of said Burrows; but that the defendant had broken its contract and refused to pay the said $2,000.

18c

The defendant pleaded the statute of limitations and the general issue. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court gave at the request of the defendant the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. A. YOUNG, DANIEL COLLIER and J. C. MILNER, for appellant, cited *Howard v. State,* 108 Ala. 571; *L. & N. R. R. Co. v. Davis,* 103 Ala. 661; *L. & N. R. R. Co. v. Gentry,* 103 Ala. 635.

A. A. WILEY, *contra,* cited *McLaren v. Ala. Mid. R. R. Co.,* 100 Ala. 509; *Scarbrough v. Malone,* 67 Ala. 570; *Hall v. Hall,* 47 Ala. 290; *Johnston v. Martin,* 54 Ala. 271; *Carter v. Shorter,* 57 Ala. 253; *Davison v. State,* 63 Ala. 432; *S. & N. R. R. Co. v. McLendon,* 63 Ala. 266; *Fountain v. Ware,* 56 Ala. 558; *Smoot v. M. & M. R. Co.,* 67 Ala. 13; *Green v. State,* 67 Ala. 539; *Bradford v. R. Co.,* 86 Ala. 574.

SHARPE, J.—Apart from any question as to the legality of the contract and of the plaintiff's status as a party to it we are of the opinion that the judgment appealed from should be affirmed. If it be assumed that plaintiff was the promisee, still to make a *prima facie* case for recovery it devolved on him to show performance of the condition upon which the reward was offered, viz.: that he should disclose Burrow's whereabouts so as to enable defendant to effect his capture dead or alive. What he did was to furnish information in the main vague and supposititious, being derived from knowledge of past acts, habits and associations of Burrow, and not on knowledge of his then location except that he had left and was absent from Lamar county,

[Davis v. Sanders.]

Alabama. Besides this known fact his disclosures pointed to Burrow's whereabouts as probably being near the Florida and Alabama line, and to his probable association under an assumed name with one Barnes in Escambia county, Alabama. Through about eight months this was effective only as a clue which led defendant's agents upon an abortive chase of Burrow until his trail was lost. He was found and captured subsequently through advices received from Barnes and others concerning facts of which the plaintiff had no knowledge and no agency in communicating and which were not in existence till after plaintiff's disclosures had ceased.

What defendant agreed to pay for was not prophecy, nor was it facts raising mere probabilities, or which in the train of causation might remotely precede a capture; but it was for information of facts actually in existence which in itself would have beeen sufficient to lead to, or to enable defendant to effect, the capture. There was a total failure of evidence to show that plaintiff furnished such efficient information and for that reason, if for no other, the court was justified in refusing the charges requested by him and in giving the general affirmative charge in favor of defendant.

The letters offered as evidence and rejected would not have changed the result if they had been admitted, and, therefore, their exclusion even if erroneous is not ground for reversal.

Affirmed.